# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM J. AUBIN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-290-BAJ-EWD** |
| **COLUMBIA CASUALTY COMPANY, ET AL.** | |

### RULING AND ORDER ON UNOPPOSED MOTION TO INTERVENE

Before the Court is a Motion to Intervene, filed by Jeff Landry, Attorney General for the State of Louisiana ("Attorney General Landry").[1] Attorney General Landry seeks to intervene in this suit pursuant to Rules 5.1 and 24 of the Federal Rules of Civil Procedure, as well as 28 U.S.C. § 2403(b).[2] The Motion to Intervene is not opposed.

For the reasons set forth herein, the Motion to Intervene is **GRANTED.**[3]

**I. Background**

On March 28, 2016, William and April Aubin (collectively, "Plaintiffs") filed a Complaint in this Court against Columbia Casualty Company, Deputy William Durkin, and Sheriff Jason Ard, individually and in his official capacity as Livingston Parish Sheriff, seeking damages as a result of alleged police brutality and challenging the constitutionality of La. R.S. 14:122, Louisiana's Public Intimidation and Retaliation statute.[4] Plaintiffs allege that they were at their home near Denham Springs, Louisiana on April 30, 2015, when Deputy Durkin drove down their street in a

---

[1] R. Doc. 84.
[2] R. Doc. 84 at 1.
[3] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to intervene is considered a non-dispositive motion." *Johnson v. Qualawash Holdings, LLC*, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (citing *S.E.C. v. Koirnman*, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006)). *See also, Stephens v. State Farm and Cas. Co.*, 2010 WL 1292719, at *3 (E.D. La. March 8, 2010) ("The portion of Road Home's motion seeking leave to intervene is a non-dispositive matter which I may address by order.").
[4] R. Doc. 1.

marked patrol car to investigate a complaint concerning one of their neighbors.[5] Plaintiffs claim that when they approached Deputy Durkin to discuss the matter involving their neighbor, Deputy Durkin told William Aubin to "stand back and shut his mouth."[6] Plaintiffs allege that Deputy Durkin called William Aubin a derogatory name and when William asked Deputy Durkin not to curse in front of his wife, Deputy Durkin repeatedly threatened to arrest William.[7]

Plaintiffs assert that William Aubin began to walk back toward his house and attempted to call the Sheriff's Office, telling Deputy Durkin that he was calling Deputy Durkin's supervisor to complain about his conduct. At that point, Plaintiffs allege that Deputy Durkin grabbed William Aubin, threw him onto the front of the patrol car, and began hitting William in the head with handcuffs.[8] Plaintiffs claim that when William Aubin tried to give April Aubin his cell phone, Deputy Durkin grabbed William by the right arm, twisted it behind his back, and twisted William's shoulder, causing significant pain and injuring William's right rotator cuff.[9] Noting that William Aubin does not have a left hand, Plaintiffs allege that Deputy Durkin handcuffed William's right hand to a belt loop on the left side of his body, ignoring William's complaints that the handcuff was too tight.[10] Plaintiffs claim that Deputy Durkin kicked William Aubin's legs, grabbed William by his neck and pants, hit William in the head, and kicked William in the buttocks repeatedly as William got into the patrol car.[11] Plaintiffs allege that when April Aubin asked Deputy Durkin what was going on, Deputy Durkin told her to shut up and threatened to send her to jail with William.[12] Plaintiffs claim that when William Aubin asked why he was going to jail, Deputy

---

[5] R. Doc. 1 at 3.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] R. Doc. 1 at 4.
[10] *Id.*
[11] R. Doc. 1 at 4-5.
[12] R. Doc. 1 at 5.

2

Durkin responded by calling William derogatory names and said that William "would never learn."[13] Plaintiffs assert that Deputy Durkin took William Aubin to jail and never informed William of his constitutional rights.[14]

Plaintiffs assert that William Aubin was charged with resisting an officer in violation of La. R.S. 14:108, interfering with a law enforcement investigation in violation of La. R.S. 14:329, and public intimidation and retaliation in violation of La. R.S. 14:122.[15] Plaintiffs claim that all of the charges were ultimately dismissed and/or refused by the district attorney.[16] Plaintiffs contend that Deputy Durkin is liable to William Aubin because Deputy Durkin's actions constitute: (a) battery; (b) assault; (c) false arrest; (d) false imprisonment; (e) unlawful seizure; (f) cruel treatment; (g) violation of the Constitution and other laws of the United States and of the State of Louisiana; (h) excessive use of force; (i) unreasonable use of force; [and] (j) malicious prosecution.[17] Plaintiffs also claim that Deputy Durkin is liable for his assault upon April Aubin and for her loss of consortium. Plaintiffs allege that Sheriff Jason Ard is vicariously liable to Plaintiffs for the acts, omissions, torts, and/or other misconduct of Deputy Durkin and for his failure to adequately train and supervise Deputy Durkin.[18] Plaintiffs further allege that La. R.S. 14:122 is an unconstitutional content-based restriction of speech protected by the First Amendment and that it is vague and overbroad, both on its face and as applied to William Aubin in this case.[19]

On June 13, 2016, Sheriff Ard filed a Motion to Dismiss Pursuant to Rule 12(b)(6), asserting that the Complaint fails to state a claim.[20] On July 5, 2016, Plaintiffs filed an Amended

---

[13] R. Doc. 1 at 4.
[14] R. Doc. 1 at 5.
[15] R. Doc. 1 at 5.
[16] *Id.*
[17] R. Doc. 1 at 5.
[18] R. Doc. 1 at 6.
[19] R. Doc. 1 at 8.
[20] R. Doc. 13.

Complaint to add a claim of supervisory liability against Sheriff Ard.[21] On September 23, 2016, Sheriff Ard filed a Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(6), asserting that the Amended Complaint should be dismissed for failure to state a claim.[22] The Court subsequently denied Sheriff Ard's Motion to Dismiss the Amended Complaint and denied as moot Sheriff Ard's Motion to Dismiss.[23]

On September 30, 2016, Plaintiffs filed a Notice of Constitutional Question in accordance with Fed. R. Civ. P. 5.1, stating that their Complaint calls into question the constitutionality of La. R.S. 14:122.[24]

On November 1, 2016, Plaintiffs filed a Motion for Partial Summary Judgment against Deputy Durkin with respect to their state law claims of malicious prosecution, false arrest and false imprisonment, and battery/use of excessive and unreasonable force against William Aubin.[25] The motion is still pending before the Court.

On November 29, 2016, Attorney General Landry filed a Motion to Intervene,[26] seeking to intervene in this matter to defend the constitutionality of La. R.S. 14:122. This Court denied the Motion to Intervene without prejudice for failure to comply with Fed. R. Civ. P. 24(c).[27]

On January 19, 2017, Plaintiffs filed a Motion for Leave to File Second Amended Complaint, seeking to modify and expand upon Plaintiffs' claims of supervisory liability against Sheriff Ard.[28] The proposed Amended and Superseding Complaint maintains Plaintiffs'

---

[21] R. Doc. 16.
[22] R. Doc. 34.
[23] R. Doc. 88.
[24] R. Doc. 36.
[25] R. Doc. 41.
[26] R. Doc. 50.
[27] R. Doc. 83.
[28] R. Doc. 67.

allegations that La. R.S. 14:122 is an unconstitutional content-based restriction on speech protected by the First Amendment.[29] The Motion for Leave is currently pending before the Court.

On March 15, 2017, Attorney General Landry filed a second Motion to Intervene, seeking to intervene in this matter because the constitutionality of La. R.S. 14:122 has been challenged.[30]

On March 28, 2017, William Aubin filed a Motion for Partial Summary Judgment Regarding Free Speech Claims, asking the Court to declare that La. R.S. 14:122 is an unconstitutional restriction on the freedom of speech protected by the First Amendment.[31] The motion is currently pending before the Court.

**II.     Law and Analysis**

Attorney General Landry seeks to intervene in this suit under Fed. R. Civ. P. 24.[32] That section provides that on "timely motion" the court must permit intervention by anyone who is either (1) given an unconditional right to intervene by federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Although the Motion to Intervene does not specify whether Attorney General Landry seeks to intervene pursuant to Rule 24(a)(1) or 24(a)(2), Attorney General Landry asserts that he has an unconditional right to intervene pursuant to 28 U.S.C. § 2304(b) because the constitutionality of a Louisiana statute affecting the public interest is challenged.[33] Section 2403(b) provides the

---

[29] R. Doc. 67-2 at 8-9.
[30] R. Doc. 84.
[31] R. Doc. 92.
[32] R. Doc. 84 at 1.
[33] *Id*.

following:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b). Because Attorney General Landry asserts that he has an unconditional right to intervene pursuant to a federal statute, Attorney General Landry seeks to intervene in this case under Fed. R. Civ. P. 24(a)(1).

### A. Timeliness of the Motion to Intervene

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth*, 558 F.2d at 263 (quoting *United States v. United States Steel Corp.*, 548 F.2d 1232, 1235 (5th Cir. 1977)). The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and

(4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth*, 558 F.2d at 264-266).

Here, Plaintiffs filed a Complaint in this Court on April 28, 2016,[34] but did not file a Notice of Constitutional Question until September 30, 2016.[35] Federal Rule of Civil Procedure 5.1(c) provides, in pertinent part, that, "Unless the court sets a later time, the attorney general may intervene within 60 days after the notice [of constitutional question] is filed or after the court certifies the [constitutional] challenge, whichever is earlier." Fed. R. Civ. P. 5.1(c). Attorney General Landry first sought leave to intervene in this matter on November 29, 2016.[36] On March 14, 2017, the Court denied the Motion to Intervene for failure to comply with Fed. R. Civ. P. 24(c), "without prejudice to the Attorney General re-filing the motion with a proposed complaint of intervention that sets out the claim or defense for which intervention is sought, within seven (7) days of the date of this Order and without further leave of court."[37] In accordance with the Court's March 14, 2017 Order, Attorney General Landry timely-filed the instant Motion to Intervene on March 15, 2017.[38] No party has asserted that the Motion to Intervene is untimely. Accordingly, the Court finds Attorney General Landry's Motion to Intervene to be timely.

**B. Intervention of Right under Fed. R. Civ. P. 24(a)(1)**

Under Federal Rule of Civil Procedure 24(a)(1), a party has the right to intervene in a pending lawsuit when he "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Attorney General Landry asserts that federal law, specifically 28 U.S.C. §

---

[34] R. Doc. 1.
[35] R. Doc. 36.
[36] R. Doc. 50.
[37] R. Doc. 83.
[38] R. Doc. 84.

7

2403(b), confers upon him an unconditional right to intervene in this case because the constitutionality of La. R.S. 14:122 has been called into question.[39] Louisiana Revised Statute 14:122 provides that,

> A. Public intimidation is the use of violence, force, or threats upon any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
> (1) Public officer or public employee.
> (2) Grand or petit juror.
> (3) Witness, or person about to be called as a witness upon a trial or other proceeding before any court, board or officer authorized to hear evidence or to take testimony.
> (4) Voter or election official at any general, primary, or special election.
> (5) School bus operator.
> B. Retaliation against an elected official is the use of violence, force, or threats upon a person who is elected to public office, where:
> (1) The violence, force, or threat is related to the duties of the elected official.
> (2) Is in retaliation or retribution for actions taken by the elected official as part of his official duties.
> C. Whoever commits the crime of public intimidation or retaliation against an elected official shall be fined not more than one thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both.

La. R.S. 14:122. The Court agrees that this case challenges the constitutionality of La. R.S. 14:122, as the Complaint,[40] Amended Complaint,[41] and proposed Second Amended Complaint[42] allege that, "La. R.S. 14:122 is a content-based prior restraint on the freedom of speech and on the right to petition the government for a redress of grievances guaranteed by the First Amendment of the United States Constitution" and Plaintiffs are asking the Court to "declare La. R.S. 14:122 to be an unconstitutional violation of the First Amendment."[43] Because the constitutionality of La. R.S.

---

[39] R. Doc. 84 at 1-2.
[40] R. Doc. 1.
[41] R. Doc. 16.
[42] R. Doc. 67-2.
[43] R. Doc. 1 at 8-9; R. Doc. 67-2 at 8-9. *See*, R. Doc. 16.

8

14:122, which is a statute affecting the public interest, has been called into question, Attorney General Landry has an unconditional right to intervene in this case. *See*, *O'Keefe v. New York City Bd. Of Elections*, 246 F.Supp. 978, 980 (S.D.N.Y. 1965) ("The constitutionality of § 4(e) of the Voting Rights Act, which is a statute affecting the public interest, has been drawn into question. Under such circumstances, the United States has an absolute right to intervene." (*citing* 28 U.S.C. § 2403(a))).

### III. Conclusion

For the reasons set forth herein, the Louisiana Attorney General's Motion to Intervene[44] is **GRANTED.**

Accordingly,

**IT IS HEREBY ORDERED** that the Answer filed by Louisiana Attorney General Jeff Landry[45] shall be filed into the record in this matter.

Signed in Baton Rouge, Louisiana, on April 19, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[44] R. Doc. 84.
[45] R. Doc. 84-2.