# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIAM J. AUBIN, ET AL**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　**NO. 16-290-BAJ-EWD**

**COLUMBIA CASUALTY
COMPANY, ETAL.**

## RULING AND ORDER ON PLAINTIFFS' MOTION TO COMPEL

Before the Court is a Motion to Compel, filed by William J. Aubin, Jr. and April Aubin (collectively, "Plaintiffs").[1]  The Motion is opposed[2] and Plaintiffs have filed a Reply.[3]  For the reasons that follow, the Motion is **GRANTED**[4] **in part**[5] and Plaintiffs' request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED**.

## I.　　Background

On March 28, 2016, Plaintiffs filed a Complaint in this Court against Columbia Casualty Company, Deputy William Durkin, and Sheriff Jason Ard, individually and in his official capacity as Livingston Parish Sheriff, seeking damages as a result of alleged police brutality committed by

---

[1] R. Doc. 40.

[2] R. Docs. 53, 61.

[3] R. Doc. 64.

[4] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to compel is a nondispositive, pretrial discovery motion."  *State Farm Mut. Auto. Ins. Co. v. Friedman*, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)).  *See*, *Turner v. Hayden*, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *United States v. Toney*, 2012 WL 2952768, at *1 (W.D. La. July 19, 2012) ("The Court must apply a 'clearly erroneous' or 'contrary to law' standard of review to a magistrate judge's ruling on a nondispositive pre-trial motion, such as a motion to compel.") (citations omitted); *In re Tex. Bumper Exchange, Inc.*, 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).

[5] The Motion is granted in its entirety as to the only remaining claims at issue after the Court ordered an additional conference between the parties under Fed. R. Civ. P. 37.

Deputy Durkin and challenging the constitutionality of La. R.S. 14:122, Louisiana's Public Intimidation and Retaliation statute.[6]  In the Complaint, Plaintiffs allege that Deputy Durkin is liable for the false arrest, battery, and malicious prosecution of William Aubin based on the events that occurred near the Plaintiffs' home on April 30, 2015.[7]  Plaintiffs allege that as a result of those events, William Aubin was charged with resisting an officer in violation of La. R.S. 14:108, interfering with a law enforcement investigation in violation of La. R.S. 14:329, and public intimidation and retaliation in violation of La. R.S. 14:122, but that all of the charges were subsequently dismissed and/or refused by the district attorney.[8]  Plaintiffs also allege that Deputy Durkin is liable for his assault upon April Aubin on April 30, 2015, and for her loss of consortium.[9] Plaintiffs allege that Sheriff Ard is vicariously liable to Plaintiffs for the acts, omissions, torts, and/or other misconduct of Deputy Durkin and for his failure to adequately train and supervise Deputy Durkin.[10]  Plaintiffs further allege that La. R.S. 14:122 is an unconstitutional content-based restriction of speech protected by the First Amendment and that it is vague and overbroad, both on its face and as applied to William Aubin in this case.[11]

On June 13, 2016, Sheriff Ard filed a Motion to Dismiss Pursuant to Rule 12(b)(6),[12] seeking dismissal of all federal law claims asserted against him, as well as claims of independent liability under Louisiana law.  On July 5, 2016, Plaintiffs filed an Amended Complaint to add a claim of supervisory liability against Sheriff Ard.[13]  On September 23, 2016, Sheriff Ard filed a Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(6),[14] seeking an order dismissing

---

[6] R. Doc. 1.
[7] *See generally*, R. Doc. 1 at 3-6.
[8] R. Doc. 1 at 5.
[9] R. Doc. 1 at 3-5.
[10] R. Doc. 6.
[11] R. Doc. 1 at 8.
[12] R. Doc. 13.
[13] R. Doc. 16.
[14] R. Doc. 34.

all federal law claims asserted against him, as well as all claims of independent liability under Louisiana law, asserted against him in the Complaint[15] and in the Amended Complaint.[16] The second motion to dismiss provides that, "In support of this Motion, Sheriff Ard adopts and incorporates the memoranda in support of his original Motion to Dismiss."[17]

On October 31, 2016, Plaintiffs filed the instant Motion to Compel, asking this Court to compel Deputy Durkin and Sheriff Ard (collectively, "Defendants") to immediately provide full and complete responses to Plaintiffs' Interrogatories and Requests for Production of Documents and Things to Defendants Durkin and Ard,[18] which were propounded upon Defendants on July 14, 2016.[19] In the Motion, Plaintiffs assert that Defendants failed to respond to the discovery requests within 30 days of service, as required by Federal Rules of Civil Procedure 33 and 34. Plaintiffs allege that counsel for the parties conferred by telephone on September 30, 2016, during which counsel for the Plaintiffs agreed to defense counsel's request for an extension of an additional 21 days, or until October 21, 2016, in which to provide discovery responses.[20] Plaintiffs further allege that on October 21, 2016, defense counsel informed counsel for the Plaintiffs that discovery responses would be provided the following week. Plaintiffs, however, assert that no discovery responses had been received as of the date of filing the Motion to Compel. Thus, Plaintiffs assert Defendants should be compelled to respond fully, and without objection, to the Interrogatories and Requests for Production of Documents and Things propounded upon them. Plaintiffs also seek an order requiring Defendants to pay the reasonable expenses, including attorney's fees, incurred in filing the Motion to Compel.[21]

---

[15] R. Doc. 1.
[16] R. Doc. 16.
[17] R. Doc. 34 at 1 (*citing* R. Doc. 13).
[18] R. Doc. 40-1.
[19] R. Doc. 40 at 1.
[20] R. Doc. 40-2 at 1.
[21] R. Doc. 40-2 at 2.

In opposition, Sheriff Ard asserts that the Motion to Compel should be denied because Defendants provided responses to Plaintiffs' discovery requests on December 5, 2016, thereby mooting the Motion.[22] Sheriff Ard further asserts that Plaintiffs are not entitled to their expenses and attorney's fees because Defendants' failure to respond was substantially justified under Fed. R. Civ. P. 37(a)(5)(A). Specifically, Sheriff Ard asserts that his counsel was unable to make contact with Deputy Durkin until mid-November because Deputy Durkin is no longer employed by the Livingston Parish Sheriff's Office and has been deployed overseas.[23] Sheriff Ard also claims that his counsel conferred with Plaintiffs' counsel regarding Deputy Durkin's deployment and that Plaintiffs' counsel agreed to continue Defendants' opposition deadline to the Motion to Compel.[24] Sheriff Ard further asserts that many of the discovery requests seek information regarding Plaintiffs' claims against him, which claims are subject to Sheriff Ard's two pending motions to dismiss.[25] Sheriff Ard argues that the discovery requests seeking information regarding the claims asserted against him are premature until the Court issues a ruling on the motions to dismiss. Sheriff Ard asserts that because Defendants' failure to provide discovery responses was substantially justified, Plaintiffs are not entitled to an award of expenses and the Motion to Compel should be denied.[26]

On December 8, 2016, the undersigned issued a Notice and Order regarding the Motion to Compel, requiring the parties to meet and confer as required by Fed. R. Civ. P. 37(a)(1) and requiring Plaintiffs to file a supplemental certification for the Motion to Compel detailing the parties' efforts to reach a resolution regarding these discovery disputes.[27] Plaintiffs filed a

---

[22] R. Doc. 53 at 1; *See*, R. Doc. 53-1 at 19.
[23] R. Doc. 53 at 1.
[24] R. Doc. 53 at 2 (*citing* R. Doc. 47).
[25] R. Doc. 53 at 2; *See* R. Docs. 13, 34.
[26] On December 28, 2016, Deputy Durkin filed a Memorandum in Opposition to Motion to Compel, adopting and incorporating the reasons and arguments set forth in Sheriff Ard's Opposition.  (R. Doc. 61).
[27] R. Doc. 55.

Supplemental Rule 37(a)(1) Certificate on December 16, 2016, explaining that the parties had resolved some, but not all, of the discovery issues.[28]  In the Supplemental Certification, Plaintiffs assert that while Defendants provided discovery responses on December 5, 2016, the responses include untimely objections to all 11 interrogatories and all but one of the 28 requests for production.[29]  Plaintiffs further assert that the parties disagree as to whether Defendants' untimely objections were waived, as Plaintiffs argue that the untimely objections were waived as a matter of well-settled law in this Circuit.[30]  Thus, Plaintiffs assert that the Motion to Compel must be granted because Defendants effectively waived any objections they may have had to Plaintiffs' discovery requests by filing untimely objections.

Plaintiffs further assert that nothing in Fed. R. Civ. P. 12, which governs motions to dismiss, triggers an automatic stay of discovery before the disposition of a motion to dismiss.[31]  Plaintiffs point out that the Court has not ordered a stay of discovery with respect to Sheriff Ard, nor has Sheriff Ard even moved for a stay of discovery pending the resolution of his motions to dismiss.  Plaintiffs further assert that Defendants' discovery responses include asserted privileges and protections from discovery, but Defendants have not identified any documents or information withheld and have not provided a privilege log for any documents withheld pursuant to their claims of privilege.[32]  Plaintiffs allege that during the discovery conference held on December 12, 2016, counsel for Defendants refused to provide a privilege log or a list of responsive documents that Defendants refused to disclose in response to Plaintiffs' discovery requests.  As such, Plaintiffs

---

[28] R. Doc. 57 at 1.

[29] R. Doc. 57 at 2 (*citing* R. Doc. 53-1).

[30] R. Doc. 57 at 2; *See, The Shaw Group, Inc. v. Zurich American Ins. Co.*, 2014 WL 1891543, at *1, n.1 (M.D. La. May 12, 2014) ("As a general rule, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.") (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)).

[31] R. Doc. 57 at 3 (*citing* Gideon Mark, FEDERAL DISCOVERY STAYS, 45 U. Mich. J.L. Reform 2 (2012), p. 406).

[32] R. Doc. 57 at 6.  Specifically, Plaintiffs claim that Defendants have asserted a privilege in response to Interrogatory Nos. 8 and 11 and Request for Production Nos. 9, 10, 11, 12, 15, and 27.  (*Id.*) (*citing* R. Doc. 53-1).

assert that the following issues remain in dispute: (1) Defendants' objections to Interrogatory Nos. 3, 4, 6, 8, 9; (2) Defendants' objections to Request for Production Nos. 1-11, 14-17, 23, 25-28; (3) the waiver of Defendants' untimely objections; (4) the waiver of Defendants' objections in light of their refusal to provide privilege logs or lists of withheld documents; and (5) the validity of Sheriff Ard's refusal to engage in discovery without a stay order and without having sought a stay order.[33]

On December 21, 2016, Defendants filed a Response to Plaintiffs' Supplemental Rule 37(a)(1) Certificate,[34] asserting that Plaintiffs' Supplemental Certificate addresses issues that are beyond the scope of the Motion to Compel. Defendants assert that Plaintiffs filed the Motion to Compel due to Defendants' failure to provide discovery responses. Defendants argue that because they have since provided discovery responses, the Motion to Compel should be denied because Defendants have satisfied the only issue raised therein. Defendants assert that in the Supplemental Certificate, Plaintiffs set forth specific objections to each of Defendants' discovery responses, even though these issues were not raised by way of a motion. Defendants argue that Plaintiffs have effectively filed a new motion to compel, styled as a Supplemental Certificate, and that Defendants do not have the protection of LR7(f), which would normally give them 21 days to respond to a motion to compel. As such, Defendants assert that the Motion to Compel should be denied or, alternatively, that they should be allowed to respond to the issues raised in Plaintiffs' Supplemental Certificate.

On December 30, 2016, Plaintiffs filed a Reply Memorandum in Support of Motion to Compel,[35] clarifying that the Motion to Compel seeks full and complete discovery responses

[33] R. Doc. 57 at 19-20.
[34] R. Doc. 59.
[35] R. Doc. 64.

without objection from Defendants.  Plaintiffs contend that Defendants could have asserted timely objections any time between when the discovery was propounded on July 14, 2016 and when the Motion to Compel was filed on October 31, 2016, and that Defendants could have provided full and complete responses on December 5, 2016.  Defendants, however, chose not to do so.  Although Defendants claim that their untimely objections are justified because defense counsel could not get in touch with Deputy Durkin, Plaintiffs assert that the discovery requests did not require any input from Deputy Durkin.  With respect to Sheriff Ard's refusal to engage in discovery due to his assertion of qualified immunity, Plaintiffs assert that Sheriff Ard can only claim qualified immunity in his individual capacity, not his official capacity.  Plaintiffs assert that the discovery requests sent to Sheriff Ard in his official capacity are effectively requests made upon the Livingston Parish Sheriff's Office, Deputy Durkin's employer.  Plaintiffs further allege that Sheriff Ard has no objection to engaging in discovery, only to responding to discovery, noting that Sheriff Ard recently noticed and took the depositions of the Plaintiffs on December 20, 2016.[36]  Plaintiffs argue that a party who seeks discovery should be willing to respond to discovery or, at the very least, make timely and well-founded objections to doing so.  Plaintiffs maintain that the Motion to Compel should be granted because the issues surrounding the Motion to Compel have been fully considered by the parties and fully briefed to the Court.

Also on December 30, 2016, Defendants filed a Supplemental Response to Plaintiff's [sic] Rule 37(a)(1) Certificate, re-urging their arguments that Plaintiffs' Supplemental Certificate[37] is effectively a new motion to compel and that Defendants' failure to timely respond to the discovery requests was due to defense counsel's inability to get in touch with Deputy Durkin, who was

---

[36] R. Doc. 64 at 2 (*citing* R. Doc. 64-1).
[37] R. Doc. 57.

deployed overseas.[38]   Defendants assert that their objections to Plaintiffs' discovery requests should not be deemed waived because such a harsh remedy is not warranted in this case. Defendants claim that they have not been evasive during the discovery process and have remained in contact with counsel for the Plaintiffs regarding the outstanding discovery requests while attempting to contact Deputy Durkin.[39]   Defendants contend that they provided discovery responses as soon as their counsel was able to speak with Deputy Durkin, thereby satisfying the only issue raised in the Motion to Compel.  Defendants also claim that their counsel participated in a discovery conference with counsel for the Plaintiffs on December 12, 2016 and agreed to supplement certain discovery responses, which were promptly provided.[40]

Defendants further assert that the timing of their discovery responses was discussed with Plaintiffs' counsel after the Motion to Compel was filed.  According to Defendants, Plaintiffs' counsel agreed to an extension of Defendants' deadline to oppose the Motion to Compel for the purpose of allowing Defendants time to finalize their discovery responses, since defense counsel had recently made contact with Deputy Durkin.[41]  Defendants argue that because Plaintiffs had no objection to Defendants' request for an extension of the deadline to oppose the Motion to Compel (and, therefore, the extension of time to provide discovery responses), and the Court granted the Defendants' request,[42] Defendants were effectively given additional time to provide their discovery responses.[43]  Defendants also assert, without explanation, that most of the discovery requests seek information that is outside the scope of discovery, as set forth in Federal Rule of Civil Procedure 26.[44]  As such, Defendants argue good cause exists under Federal Rule of Civil

---

[38] R. Doc. 65 at 1-2.
[39] R. Doc. 65 at 1-2.
[40] R. Doc. 65 at 2.
[41] R. Doc. 65 at 2 (*citing* R. Doc. 47).
[42] R. Doc. 48.
[43] R. Doc. 65 at 2.
[44] R. Doc. 65 at 2-3.

Procedure 33(b)(4) to deny Plaintiffs' request to sanction Defendants by deeming all of their objections to Plaintiffs' discovery requests waived.[45]

Additionally, Defendants argue that Sheriff Ard has objected to specific discovery requests seeking information that would only be relevant if the claims against him survive his motions to dismiss.[46] Defendants claim that the motions to dismiss assert that Plaintiffs have failed to state a claim against Sheriff Ard for his independent liability and that Plaintiffs have failed to plead facts that would overcome Sheriff Ard's invocation of qualified immunity.[47] Defendants argue that if the motions to dismiss are granted, Plaintiffs' claims against Sheriff Ard will be dismissed and Plaintiffs will not be entitled to conduct any discovery regarding those claims. Thus, Defendants assert that Plaintiffs are not entitled to open the door to discovery while Sheriff Ard's motions to dismiss are pending. Defendants further assert that Sheriff Ard is not asserting that discovery is automatically stayed pending the disposition of a motion to dismiss, nor has Sheriff Ard sought a complete stay of discovery.[48] Defendants contend that Sheriff Ard has responded to the discovery requests concerning claims that are not subject to his motions to dismiss, but that some of the discovery requests clearly seek information that is only relevant to the claims attempted to be asserted against him. Thus, Defendants assert that Sheriff Ard's objection to the relevancy of those requests, as well as his prematurity objection, are well founded.

Defendants further assert that no privilege log is required because Defendants have not identified any responsive documents that are being withheld based on a claim of privilege.[49] Instead, Defendants assert that many of the discovery requests are so broad in scope that a literal

---

[45] R. Doc. 65 at 3.
[46] R. Docs. 13, 34.
[47] R. Doc. 65 at 3.
[48] R. Doc. 65 at 5.
[49] R. Doc. 65 at 5-6.

reading of the requests would require production of inherently privileged materials. Defendants argue that this is not the type of scenario that requires a privilege log, as set forth in Federal Rule of Civil Procedure 26(b)(5)(a). Defendants address the objections raised in response to each discovery request that remains in dispute between the parties, asserting that the information sought by Plaintiffs is either irrelevant to their claims or is only relevant to the claims that are subject to Sheriff Ard's pending motions to dismiss.[50] Although Defendants were delayed in responding to Plaintiffs' discovery requests due to the unavailability of Deputy Durkin, Defendants assert that the Motion to Compel should be denied because Defendants have now fully responded to Plaintiffs' discovery requests.

While the Motion to Compel was pending, Chief Judge Brian A. Jackson issued a Ruling and Order on March 24, 2017,[51] denying Sheriff Ard's Motion to Dismiss the Amended Complaint[52] and denying as moot Sheriff Ard's original Motion to Dismiss.[53] In the Ruling and Order, Chief Judge Jackson concluded that Plaintiffs' allegations of independent supervisor liability contain sufficient facts to overcome Sheriff Ard's motion to dismiss the individual capacity claims asserted against him.[54] Chief Judge Jackson also concluded that Plaintiffs have asserted sufficient factual allegations to state a viable claim against Sheriff Ard in his official capacity.[55] On April 21, 2017, Sheriff Ard filed a Notice of Appeal,[56] notifying the Court of his intent to appeal Chief Judge Jackson's March 24, 2017 Ruling and Order to the United States Fifth Circuit Court of Appeals.[57]

---

[50] R. Doc. 65 at 20; *See*, R. Doc. 65 at 6-20.
[51] R. Doc. 88.
[52] R. Doc. 34.
[53] R. Doc. 13.
[54] R. Doc. 88 at 8-9.
[55] R. Doc. 88 at 7, 9.
[56] R. Doc. 104.
[57] R. Doc. 88.

## II.    Law and Analysis

"A party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests." *Matherne v. Schramm*, 2013 WL 5961096, at *1 (M.D. La. Nov. 7, 2013) (*citing* Fed. R. Civ. P. 33 and 34).  A shorter or longer time may be directed by court order or agreed to in writing by the parties.  Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).  A party seeking discovery may move for an order compelling answers to interrogatories and production of requested documents if a party fails to provide answers or responses.  Fed. R. Civ. P. 37(a)(3)(B).  If a motion to compel production is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

"[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."  *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *See, Shaw Group Inc. v. Zurich American Ins. Co.*, 2014 WL 1891543, at *1, n.1 (M.D. La. May 12, 2014) (same); *Godsey v. United States*, 133 F.R.D. 111, 113 (S.D. Miss. 1990) ("[T]here is authority within this circuit that does recognize the general rule that discovery objections are waived if a party fails to object timely to interrogatories, production requests, or other discovery efforts.") (citations omitted).  "Where parties have failed to respond timely to written discovery requests, this court has required those parties to answer interrogatories and produce documents without objections."  *Shaw Group, Inc.*, 2014 WL 1891543, at *1, n.1 (noting that the Court had previously ordered the defendant to submit complete responses, without objections, to plaintiff's discovery requests to which defendant had not responded, within seven

days); *See*, *Matherne v. Schramm*, 2013 WL 5961096 (M.D. La. Nov. 7, 2013) (ordering plaintiffs to submit complete responses, without objections, to defendants' discovery requests to which plaintiffs had not responded); *Johnson v. City of Baton Rouge*, 2011 WL 709186, at *1 (M.D. La. Nov. 7, 2013) (ordering defendants to respond to plaintiff's discovery requests and provide all responsive documents, without objection, within ten days).

### 1. Defendants waived their objections to Plaintiffs' discovery requests by failing to timely respond, in accordance with Fed. R. Civ. P. 33 and 34.

In the Motion to Compel, Plaintiffs assert that they propounded Interrogatories and Requests for Production of Documents and Things upon Defendants on July 14, 2016.[58]  The documents submitted with the Motion to Compel show that the discovery requests were "served upon all counsel of record via U.S. Mail, postage prepaid and properly addressed, by hand, by e-mail, by electronic transmission through the Court's CM/ECF system, or by facsimile transmission, this 14th day of July 2016."[59]  Defendants do not dispute that they were served with Plaintiffs' discovery requests on July 14, 2016.[60]  Plaintiffs further assert that Defendants failed to provide written responses and responsive documents within 30 days of service, as required by Federal Rules of Civil Procedure 33 and 34.[61]  Plaintiffs claim that counsel for the parties conferred by telephone on September 30, 2016 (when responses were already overdue), at which time Plaintiffs' counsel agreed to defense counsel's request for a 21-day extension, or until October 21, 2016, to provide responses to Plaintiff's discovery requests.[62]  Plaintiffs assert that on October 21, 2016, defense counsel informed Plaintiffs' counsel that the responses would be made the following week. Plaintiffs contend that no discovery responses had been received as of the date they filed

---

[58] R. Doc. 40 at 1.
[59] R. Doc. 40-1 at 10.
[60] *See*, R. Docs. 53, 59, 65.
[61] R. Doc. 40-2 at 1.
[62] R. Doc. 40-2 at 1.

the Motion to Compel, which was on October 31, 2016.[63]  Defendants have submitted documentation showing that their discovery responses were served upon all counsel of record "by placing same in the United States Mail, postage prepaid and properly addressed" on December 5, 2016.[64]

As discussed above, "As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).  The time period to respond to interrogatories and requests for the production of documents is thirty (30) days after service under Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A).  Rule 33 provides that the grounds for objecting to an interrogatory must be stated with specificity and any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.  Fed. R. Civ. P. 33(b)(4).  Rule 34 similarly provides that the grounds for objecting to a request for production must be stated with specificity.  Fed. R. Civ. P. 34(b)(2)(B).  Rule 34 further provides that, "An objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).  Here, Defendants did not submit written responses or objections to Plaintiffs' discovery requests within 30 days after they were served or within the extension of time granted by Plaintiffs.  Further, the Court finds Defendants have not established good cause to excuse their failure to timely respond.  While Defendants seem to rely on the fact that Deputy Durkin was deployed and, therefore, unable to provide counsel with information to respond to the discovery requests, that explanation fails to explain why Defendants did nothing to preserve this issue.  After Plaintiffs granted the extension for Defendants to respond (already over two-and-a-half months

---

[63] *Id.*
[64] R. Doc. 53-1 at 19.

after the discovery was propounded) it was incumbent upon Defendants to secure an additional extension either from Plaintiffs or the Court. The Court further finds that Plaintiffs' agreement to permit Defendants additional time to respond to the Motion to Compel is not the same as extending the time for Defendants to respond to discovery. As such, the Court finds that any objections to Plaintiffs' discovery requests were waived.

**2. Defendants' boilerplate objections to the discovery requests at issue do not suffice to assert valid objections to the discovery requested.**

Notwithstanding that the objections were waived by Defendants' failure to timely respond, the Court further finds that Defendants failed to assert valid objections to Plaintiffs' discovery requests. Based on the Supplemental Rule 37(a)(1) Certificate filed by Plaintiffs, Plaintiffs seek to compel Defendants to respond to the following interrogatories:

> **INTERROGATORY NO. 3:**
> With respect to any complaints, suits, claims, or allegations that William Durkin used excessive or unreasonable force while acting as a Livingston Parish Sheriff's Deputy (either before or after April 30, 2015), please set forth the name, address, telephone number, and current or last known employer of each such complainant, the specific nature of each complaint, the date of each complaint, and the final disposition of each complaint.

> **INTERROGATORY NO. 4:**
> With respect to any complaints, suits, claims, or allegations that William Durkin committed a false arrest while acting as a Livingston Parish Sheriff's Deputy (either before or after April 30, 2015), please set forth the name, address, telephone number, and current or last known employer or each such complainant, the specific nature of each complaint, the date of each complaint, and the final disposition of each complaint.

> **INTERROGATORY NO. 6:**
> With respect to any lawsuit or claim for workers' compensation or disability benefits made by William Durkin at any time in the preceding ten years, please identify the name of the person or entity against whom the claim was made, the date of the claim, the case or claim number of each suit or claim, the court or adjudicative body

with whom the claim was filed, the general nature of the claim, and the final disposition of the claim.

**INTERROGATORY NO. 8:**
If you contend that William Durkin was acting pursuant to, or in conformity with, any policy, procedure, protocol, or rule, of the Livingston Parish Sheriff during the events made subject of this suit, please identify with specificity all such policies, procedures, protocols, and rules.

**INTERROGATORY NO. 9:**
Identify all training received by William Durkin in the application and enforcement of Louisiana Revised Statute 14:122, entitled Public Intimidation and Retaliation, including the location and date(s) of all such training, the title and author of all writings used in such training, and the name, address, telephone number, and current or last known employer, of any and all persons who conducted or supervised such training. [65]

Defendants asserted the same objection in response to each of these interrogatories, objecting to the requests as:

[O]verly broad, vague, unduly burdensome, and as seeking irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Sheriff Ard further states that he has filed a Motion to Dismiss asserting that plaintiffs have failed to state a cause of action against him, which is currently pending before the Court, and that this request is premature until the Court has ruled upon the same.[66]

Defendants further objected to Interrogatory No. 8 by asserting that it "seeks privileged mental impressions, theories, and conclusions of counsel for defendants. Defendants further object in that they do not bear the burden of proof in this case."[67]

The Supplemental Rule 37(a)(1) Certificate also provides that Plaintiffs seek to compel Defendants to respond to Request for Production Nos. 1-11, 15-17, 23, and 25-28.[68] Defendants

---

[65] R. Doc. 57 at 19; *See*, R. Doc. 53-1 at 2-5.
[66] R. Doc. 53-1 at 2-5.
[67] R. Doc. 53-1 at 4.
[68] R. Doc. 57 at 19.

similarly objected to Request for Production Nos. 9, 10, 11, and 27 as " vague, overly broad, and as seeking privileged work product prepared in anticipation of litigation, privileged mental impressions, theories, and conclusions of counsel for defendants, and/or privileged attorney-client communications" and by further asserting that Sheriff Ard "has filed a Motion to Dismiss asserting that plaintiffs have failed to state a cause of action against him, which is currently pending before the Court, and that this request is premature until the Court has ruled upon the same."[69]

The Fifth Circuit has held that conclusory objections that the requested discovery is "overly broad, burdensome, oppressive and irrelevant" are insufficient to voice a successful objection to an interrogatory or request for production. *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)). Here, when Defendants finally responded to the discovery requests, Defendants objected to the discovery requests at issue, namely Interrogatory Nos. 3, 4, 6, 8, and 9 and Request for Production Nos. 1-11, 14-17, 23, and 25-28, by asserting boilerplate objections of vagueness and overbreadth. The Court finds such boilerplate language does not suffice to assert a valid objection to Plaintiffs' outstanding discovery requests under *McLeod*. Thus, the Court finds that the general rule applies here and Defendants have waived their objections to Interrogatory Nos. 3, 4, 6, 8, and 9 and Request for Production Nos. 1-11, 14-17, 23, and 25-28 based upon relevance, over breadth, unduly burdensomeness, or any other objection unrelated to privilege. *See, Tadlock v. Arctic Cat Sales, Inc.*, 2017 WL 1032516 at *8 (M.D. La. Mar. 17, 2017) (finding plaintiff waived some of his objections to defendant's discovery requests by not objecting to the requests until over a month after the requests were propounded and lodging boilerplate objections); *Johnson v. PPI Technology Services, L.P.*, 2013 WL 4508128, at *1 (E.D. La. Aug. 22, 2013) (finding plaintiffs

---

[69] R. Doc. 53-1 at 10-11 and 17.

and third-party defendant waived their objections to defendant's discovery requests by not objecting to the requests until more than two and a half months after the requests were propounded); *B&S Equipment Co., Inc. v. Truckla Services, Inc.*, 2011 WL 2637289, at *4 (E.D. La. July 6, 2011) (finding that defendants had waived all objections to plaintiff's discovery requests based on relevance, over breadth, unduly burdensomeness, or any other objection unrelated to privilege by failing to timely respond to plaintiff's discovery requests).

The Court further finds that Defendants' objections of prematurity based upon the pending motions to dismiss filed by Sheriff Ard[70] have been rendered moot by the March 24, 2017 Ruling and Order, in which Chief Judge Jackson denied Sheriff Ard's motions to dismiss.[71] Defendants objected to each of the outstanding discovery requests, with the exception of Interrogatory No. 6 and Request for Production Nos. 9 and 23,[72] by asserting that, "this request is premature until the Court has ruled upon [Sheriff Ard's motions to dismiss]."[73] Because the Court has ruled upon Sheriff Ard's motions to dismiss, the Court finds that Defendants' objection of prematurity is now moot.

Having found that Defendants have failed to establish good cause for their failure to timely respond to the discovery requests and that the objections raised by Defendants are without merit notwithstanding the timeliness issue, the Court will order Defendants to submit complete discovery responses, without objections, to the outstanding discovery requests, namely Interrogatory Nos. 3, 4, 6, 8, and 9 and Request for Production Nos. 1-11, 14-17, 23, and 25 in Plaintiffs' Interrogatories

---

[70] R. Docs. 13, 34.
[71] R. Doc. 88. Even if the Defendants' objections based on the fact Sheriff Ard had filed a motion to dismiss raising the issue of qualified immunity had not been resolved, the objections would still not be valid. Essentially, those objections seek a stay of discovery pending resolution of the qualified immunity issue. Plaintiffs are correct that such a stay is not automatic, however, and Defendants did not seek a stay of discovery in this case.
[72] R. Doc. 53-1 at 4, 10, 16.
[73] R. Doc. 53-1 at 2-5, 7-10, 13-14, 16-18.

and Requests for Production of Documents and Things to Defendants Durkin and Ard,[74] within fourteen (14) days of the date of this Ruling and Order. *See, Shaw Group Inc. v. Zurich American Ins. Co.*, No. 12-cv-257-JJB-RLB (R. Doc. 165 at 2).

### 3. Defendants' failure to timely object to Plaintiffs' discovery requests is not substantially justified to avoid sanctions under Fed. R. Civ. P. 37(a)(5)(A)(ii)

In opposition to the Motion to Compel, Defendants assert that they should not be required to pay the costs incurred by Plaintiffs in bringing the Motion to Compel because their failure to timely object to the discovery requests was substantially justified due to Deputy Durkin's deployment overseas.[75] The Court disagrees. The Court finds that although Deputy Durkin may have been deployed overseas when Plaintiffs propounded their discovery requests, Defendants could have sought a further extension from the Plaintiffs of the deadline to provide discovery responses based upon Deputy Durkin's deployment. If the Plaintiffs had denied that request, Defendants could have sought relief from the Court by filing a motion for an extension of the deadline to respond based upon Deputy Durkin's deployment. Alternatively, Defendants could have timely-filed objections to Plaintiffs' discovery requests based upon the pending motions to dismiss and Sheriff Ard's assertion of qualified immunity. Defendants also could have filed a motion to stay discovery pending disposition of the motions to dismiss. Despite these options, Defendants chose to do nothing for nearly five months after the discovery requests were propounded by Plaintiffs. While Defendants sought an extension of the discovery deadline until October 21, 2016, which the Plaintiffs granted, Defendants still failed to provide discovery responses until December 5, 2016, several weeks after the extended deadline. As such, the Court

---

[74] R. Doc. 40-1.
[75] R. Doc. 53 at 1-2.

finds that Defendants' delay in responding to Plaintiffs' discovery requests is not substantially justified based upon Deputy Durkin's deployment.

The Court further finds Defendants' argument that they were granted additional time to provide discovery responses based upon their unopposed motion for an extension of the deadline to oppose the Motion to Compel disingenuous, at best. As an initial matter, Defendants filed an Unopposed Motion to Extend Deadline for Defendants to File Opposition to Plaintiffs' Motion to Compel,[76] which is not the same thing as a motion for an extension of the deadline to respond to discovery. As evidenced by the caption of Defendants' motion, Defendants sought only an extension of the deadline imposed by LR 7(f) in which to file their opposition to the Motion to Compel. Further, the motion itself provides that, "[U]ndersigned counsel has conferred with counsel for Plaintiffs, *who has agreed to continue the deadline for defendants to oppose Plaintiffs' Motion to Compel* (R. Doc. 40) for 14 days, or until December 5, 2016, so that the issues raised in the motion can be resolved."[77] Importantly, Defendants did <u>not</u> assert that counsel for the Plaintiffs had consented to an extension of the deadline to respond to discovery. Instead, Defendants alleged that Plaintiffs' counsel had consented to an extension of the deadline for opposing the Motion to Compel, as provided by LR 7(f).

The Court acknowledges that the Defendants' motion for an extension further states that, "Accordingly, to provide time for defendants to serve responses to Plaintiffs' discovery requests and respond to the pending Motion to Compel, defendants respectfully request that the Court extend the time for them to file an opposition to Plaintiffs' Motion to Compel (R. Doc. 40) for an additional 14 day [sic], or until December 5, 2016."[78] However, the Order granting Defendants'

---

[76] R. Doc. 47.
[77] R. Doc. 47 at ¶ 6 (emphasis added).
[78] R. Doc. 47 at ¶ 7.

Motion for Extension provides the following: "ORDER granting (R. Doc. 47) Motion for Extension of Time to File Opposition to (R. Doc. 40) Motion to Compel. Any opposition to Plaintiffs [sic] Motion to Compel may be filed on or before December 5, 2016."[79] Thus, contrary to Defendants' assertion, the Court did not grant Defendants additional time in which to provide their discovery responses. Instead, the Court merely granted an extension of the deadline imposed by LR 7(f) for filing an opposition to Plaintiffs' Motion to Compel. As such, the Court finds Defendants have not shown that their failure to timely object to Plaintiffs' discovery requests was substantially justified to avoid sanctions under Federal Rule of Civil Procedure 37(a)(5)(A)(ii).

Since the Court finds that the Motion to Compel should be granted as to the remaining issues and since Defendants' failure to timely respond to the discovery requests was not substantially justified, Plaintiffs' request for the reasonable expenses incurred in filing the Motion, including attorney's fees, should be granted pursuant to Fed. R. Civ. P. 37(a)(5)(A).

## III. Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that the Motion to Compel[80] filed by William and April Aubin is **GRANTED in part.** Deputy Durkin and Sheriff Ard shall provide complete responses to the outstanding discovery requests in Plaintiffs' Interrogatories and Requests for Production of Documents and Things to Defendants Durkin and Ard,[81] namely Interrogatory Nos. 3, 4, 6, 8, and 9 and Request for Production Nos. 1-11, 14-17, 23, and 25-28,[82] without objections consistent with this Ruling and Order (with the exception of any objections pertaining to any applicable privileges and/or immunities, except qualified immunity),[83] no later

---

[79] R. Doc. 48.
[80] R. Doc. 40.
[81] R. Doc. 40-1.
[82] R. Doc. 57 at 19.
[83] *See, B&S Equipment Co., Inc. v. Truckla Services, Inc.*, 2011 WL 2637289, at *5 (E.D. La. July 6, 2011) ("[C]ourts have found that, pursuant to Rule 26(b)(5) which concerns withholding information on the basis of privilege, the failure to timely object on the basis of privilege does not result in an automatic waiver." (citations omitted)).

than **fourteen (14) days** from the date of this Ruling and Order.  For any response that asserts a privilege, Defendants are required to provide a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

**IT IS FURTHER ORDERED** that Plaintiffs are awarded their reasonable expenses incurred in filing the Motion to Compel, including attorney's fees, in the total amount of $500.

Upon further review, the Court finds that a telephone conference on the Motion to Compel is no longer necessary.  As such, **IT IS FURTHER ORDERED** that the telephone conference set for April 26, 2017 at 10:00 a.m. before the undersigned Magistrate Judge is **CANCELLED.**

Signed in Baton Rouge, Louisiana, on April 25, 2017.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**