# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WILLIAM J. AUBIN, ET AL.**                                    **CIVIL ACTION NO.**

**VERSUS**                                                      **16-290-BAJ-EWD**

**COLUMBIA CASUALTY COMPANY, ET AL.**

## RULING AND ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY AND INITIAL DISCLOSURES

Before the court is a Motion to Compel (the "Motion")[1] filed by defendants, Jason Ard, Sheriff of Livingston Parish and Deputy William Durkin (collectively "Movants").  After the Motion was filed, the undersigned issued a Notice and Order requiring that the parties engage in an additional conference pursuant to Fed. R. Civ. P. 37(a)(1) and ordering the Movants to file a supplemental certification or motion to withdraw (if all disputes were resolved during the conference).[2] The Movants timely filed their supplemental certification.[3]  While the additional conference resolved some issues between the parties, some of the issues raised in the Motion remain in dispute. Accordingly, an opposition memorandum was filed by Plaintiffs, William and April Aubin ("Plaintiffs").[4] For the reasons set forth herein, the Motion is GRANTED IN PART AND DENIED IN PART.

### I.      Background

On March 28, 2016, Plaintiffs filed a Complaint[5] in this Court against Columbia Casualty Company, Deputy William Durkin, and Sheriff Jason Ard, individually and in his official capacity as Livingston Parish Sheriff, seeking damages as a result of alleged police brutality committed by

---

[1] R. Doc. 126.
[2] R. Doc. 127.
[3] R. Doc. 128.
[4] R. Doc. 129.
[5] R. Doc. 1.

Deputy Durkin and challenging the constitutionality of La. R.S. 14:122, Louisiana's Public Intimidation and Retaliation statute. In the Complaint, which has been amended, [6] Plaintiffs allege that Deputy Durkin is liable for the false arrest, battery, and malicious prosecution of William Aubin based on the events that occurred near the Plaintiffs' home on April 30, 2015. [7] Plaintiffs allege that as a result of those events, William Aubin was charged with resisting an officer in violation of La. R.S. 14:108, interfering with a law enforcement investigation in violation of La. R.S. 14:329, and public intimidation and retaliation in violation of La. R.S. 14:122, but that all of the charges were subsequently dismissed and/or refused by the district attorney. [8] Plaintiffs also allege that Deputy Durkin is liable for his assault upon April Aubin on April 30, 2015, and for her loss of consortium. [9] Plaintiffs allege that Sheriff Ard is vicariously liable to Plaintiffs for the acts, omissions, torts, and/or other misconduct of Deputy Durkin and for his failure to adequately train and supervise Deputy Durkin. [10] Plaintiffs further allege that La. R.S. 14:122 is an unconstitutional content-based restriction of speech protected by the First Amendment and that it is vague and overbroad, both on its face and as applied to William Aubin in this case. [11]

Movants filed the Motion seeking to compel more complete responses to Interrogatory Nos. 4, 5, 6, 8, 9, 10, 12, 17 and 20, as well as Requests for Production Nos. 4 and 8. [12] Following an additional discovery conference ordered by the undersigned, [13] the parties were able to resolve

---

[6] The current operative Complaint is R. Doc. 117.
[7] *See generally*, R. Doc. 117, pp. 2-5.
[8] R. Doc. 117, ¶ 28.
[9] R. Doc. 117, ¶¶ 30-31.
[10] R. Doc. 117, ¶¶ 60-68.
[11] R. Doc. 117, ¶¶37-45.
[12] R. Doc. 126-1.
[13] R. Doc. 127.

their disputes with regard to Interrogatory Nos. 4, 5, 10 and 12.[14]  This Ruling and Order addresses the remainder of the discovery requests about which the parties cannot agree.

## II.     Law and Analysis

### A.  Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

A determination of relevancy is tied to applicable substantive law and then weighed against the six proportionality factors.  Any information sought that is not relevant to a party's claim or defense is not discoverable, regardless of proportionality.  On motion or on its own, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

Motions to compel discovery responses are governed by Rule 37(a) of the Federal Rules of Civil Procedure.  Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce

---

[14] R. Doc. 128.  The parties also partially resolved the dispute with regard to Interrogatory No. 9, but Plaintiffs have maintained their objection to Interrogatory No. 9 as it relates to April Aubin.  R. Doc. 128, p. 2.

documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. The initial burden rests with the party seeking to compel discovery to establish that the information sought is relevant and proportional. Once the moving party establishes relevancy and proportionality, the party resisting discovery must substantiate its objections.[15]

In response to a request for production under Rule 34, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Further, "an objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). In response to an interrogatory under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). In addition, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Movants point out that the undersigned has previously found in ruling on a Motion to Compel filed by Plaintiffs in this matter that reliance on boilerplate objections does not suffice to assert a valid objection, citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) and other cases.[16]

---

[15] *See, e.g., Wymore v. Nail*, 2016 WL 1452437, *1 (W.D. La. April 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant … the burden rests upon the party resisting discovery to substantiate its objections.") (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990))

[16] R. Doc. 108, pp. 16-17. As set forth herein, the court does not reach the issue of whether boilerplate objections are valid objections unless the discovery sought is relevant and proportional. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991 (3rd Cir. 1982) relied on by *McLeod*, 894 F.2d 1482, 1485 (5th Cir. 1990). In *Josephs*, the court made a determination that the information sought was relevant prior to determining that the objections lodged by the party resisting discovery lacked sufficient specificity to constitute valid objections ("In this case, the information requested

## B. Plaintiffs Are Required to Supplement Answers to Interrogatory Nos. 6, 8 and 9

Interrogatory Nos. 6, 8 and 9 seek information regarding non-ordinary medical issues plaintiffs had before the incident that forms the basis of the suit (Interrogatory No. 6), after the incident that forms the basis of the suit (Interrogatory No. 8) and a listing of all health care providers who have treated Plaintiffs for any illness or injury during the past ten years (Interrogatory No. 9).

> **INTERROGATORY NO. 6:**
> Please list all injuries, sicknesses, infirmities or hospitalizations from which you suffered prior to the incident made the basis of this suit (excluding ordinary childhood diseases, flu, colds and other ordinary illnesses), but including the name, address and telephone number of each health care provider who treated you and for such conditions.
> **RESPONSE:**
> Objected to as overly broad, unduly burdensome, calling for irrelevant and privileged information, and beyond the scope of proper discovery. William Aubin's injuries, sicknesses, infirmities, or hospitalizations from which he suffered prior to the incident made the basis of this suit are reflected in the medical records subpoenaed by defendants.
>
> **INTERROGATORY NO. 8:**
> Please describe all injuries, sicknesses, infirmities, accidents or hospitalizations from which you have suffered subsequent to the incident made the basis of this suit, identifying the dates of each and identifying the names, addresses and phone numbers of each health care provider from whom you sought treatment.
> **RESPONSE:**
> Objected to as overly broad, unduly burdensome, calling for irrelevant and privileged information, and beyond the scope of proper discovery. William Aubin's injuries, sicknesses, infirmities, accidents or hospitalizations from which he has suffered subsequent

---

was patently relevant to the issue of duty to warn and may have led to relevant evidence regarding the existence of a defect.")(citation omitted). With regard to the undersigned's Ruling on the Motion to Compel filed by Plaintiffs earlier in this suit, the discovery sought was related to prior claims of excessive force or false arrest against Deputy Durkin, as well as the training received by Deputy Durkin and any policies and protocols Deputy Durkin was alleged to have been following at the time of the incident—matters which are clearly relevant to the Plaintiffs' claims in this matter. Additionally, Sheriff Ard and Deputy Durkin failed to timely respond to Plaintiffs' discovery requests even within the extended deadlines, resulting in a waiver of objections, notwithstanding that the objections, once they were asserted, were boilerplate. R. Doc. 108, pp. 14-17.

to the incident made the basis of this suit are reflected in the medical records subpoenaed by defendants.

**INTERROGATORY NO. 9:**
List the names and addresses of all physicians, chiropractors, or other health care providers who treated you for any illness or injury during the past ten years. For each physician, chiropractor, or other health care provider identified, give the date(s) treatment was received and the illness or injury for which you were treated.
**RESPONSE:**
Objected to as overly broad, unduly burdensome, calling for irrelevant and privileged information, and beyond the scope of proper discovery. Otherwise, please see plaintiffs' initial disclosures, supplemental initial disclosures, and the disclosure of expert witnesses and resumes made by email on July 31, 2017.

Movants assert that such medical information is clearly relevant where, as here, plaintiffs are claiming personal injuries.[17] In response, Plaintiffs argue that requests of this breadth, *i.e.*, lacking in any time limitations, are not relevant or proportional to the needs of the case. Additionally, Plaintiffs assert that Movants have already been provided with the necessary information through subpoenas to Mr. Aubin's medical providers identified in Fed. R. Civ. P. 26 disclosures.[18] Movants claim that the fact some healthcare providers have been previously identified by Plaintiffs does not obviate the need for them to provide a response to the interrogatories.[19]

Here, Movants have shown some relevance for the information requested in Interrogatory Nos. 6, 8, and 9. Plaintiffs' Amended and Superseding Complaint seeks the following items of damages that implicate Plaintiffs' medical conditions: past, present, and future physical pain, suffering, and disability of William Aubin; past, present, and future mental and emotional distress of William Aubin and April Aubin; past, present, and future medical expenses of William Aubin.[20]

---

[17] R. Doc. 126-1, p. 6.
[18] R. Doc. 129, p. 3.
[19] R. Doc. 126-1, pp. 6-7.
[20] R. Doc. 117, ¶35.

Based on the damages sought, Plaintiffs have put their mental and physical conditions at issue in this litigation. Additionally, Movants are correct that the mere fact Plaintiffs may have provided some information with regard to healthcare providers in Rule 26 disclosures does not obviate the need for Plaintiffs to respond to these interrogatories.[21] However, Movants have not articulated any reason why requests seeking information about Plaintiffs' medical histories that is not in any way time limited is relevant or proportional to the needs of the case. Interrogatory No. 8 is inherently time limited since it seeks only health information following the incident that forms the basis of this suit. Interrogatory No. 9 is also limited to a listing of Mrs. Aubin's providers during the past ten years.[22] The ten year time limitation contained in Interrogatory No. 9 seems reasonably proportional to apply to Interrogatory No. 6 as well, particularly in light of the fact that Interrogatory No. 6 is already limited to information only about "non-ordinary" illnesses.

Accordingly, Plaintiffs' shall supplement their responses to Interrogatory Nos. 6, 8 and 9 with Interrogatory No. 6 limited to information within the last ten years.

### C. Plaintiffs Are Required to Provide A Supplemental Response to Request for Production No. 4

As a corollary to their interrogatories seeking health information, Movants also seek a more complete response to their request for medical release authorizations for any providers listed in response to the interrogatories. The arguments from the parties are largely the same as those made with regard to Interrogatory Nos. 6, 8 and 9, however, Plaintiffs raise the additional argument that,

---

[21] While Rule 26 does generally require a disclosing party to provide information about parties that are likely to have discoverable information the party may use to support its claims or defenses, Plaintiffs do not point to any case law, and the undersigned is not aware of any, where a court has held that Rule 26 disclosures eliminate the need to respond to more focused and specific discovery requests. Additionally, the fact that Movants may have already subpoenaed some of Plaintiffs' medical records based on information provided in disclosures and other forms of discovery, does not prevent Movants from asking for a listing of the entire universe of providers that may have relevant information about any health conditions Plaintiffs' experienced before and after the incident that forms the basis of this litigation.

[22] Pursuant to the Supplemental Rule 37 Certificate, Plaintiffs have already agreed to supplemental the answer to Interrogatory No. 9 with regard to Mr. Aubin. R. Doc. 128, p. 2.

because the discovery responses would not be due until the day fact discovery closed such that

Movants would not be able to use the authorizations, Plaintiffs were not required to respond to

Request for Production No. 4.[23]

> **REQUEST FOR PRODUCTION NO. 4:**
> For each healthcare provider identified in your responses to interrogatories, please sign a medical authorization.
> **RESPONSE:**
> Defendants have or have subpoenaed all of plaintiffs' medical records. Plaintiffs object to the production of medical authorizations as beyond the scope of permissible discovery given the discovery cutoff in the Court's Scheduling Order.

For the same reasons as those detailed with regard to Interrogatory Nos. 6, 8 and 9, above,

the information sought in Request for Production No. 4 is relevant to Plaintiffs' claims of mental

and physical injury in this case.  Further, Movants are correct that, despite the closure of fact

discovery on July 31, 2017, at the time the Motion was filed, the expert discovery deadline was

December 29, 2017.[24]  Further, the deadlines have since been amended to permit discovery of

medical experts until January 31, 2018.[25]  The undersigned does not make a determination at this

time about which, if any, of the providers identified by Plaintiffs in their supplemental answers to

Interrogatory Nos. 6, 8 or 9 may fall within the category of experts such that additional discovery

can be undertaken with regard to those providers.  However, in response to Request for Production

No. 4, Plaintiffs shall provide a completed medical release authorization for each provider

identified in their supplemental answers to Interrogatory Nos. 6, 8 and 9.

---

[23] R. Doc. 129, pp. 5-6.
[24] R. Doc. 26.
[25] R. Doc. 139.

### D. Movants Have Failed to Show the Relevancy of the Information Sought In Interrogatory No. 17

Movants also seek an order compelling a complete response without objection to Interrogatory No. 17 which seeks information about any arrests for either Plaintiff. Movants assert that they are entitled to "discover whether plaintiffs have been arrested and/or convicted of any crimes prior to this one, and to determine the scope of injury, if any, that each of those arrests caused plaintiffs."[26] Plaintiffs respond that the interrogatory is not limited in time or to felonies and that Sheriff Ard has the ability to access this information without obtaining it from Plaintiffs.

> **INTERROGATORY NO. 17:**
> Please list every time you have been arrested by any law enforcement agency and for each arrest please state the offense(s) for which you were arrested, date(s) of arrest, the arresting agency, the name and location of the Court in which the matter was disposed of, and the disposition of any related criminal charges.
> **RESPONSE:**
> Objected to as calling for irrelevant information, beyond the scope of proper discovery, and not reasonably calculated to lead to the discovery of admissible evidence.

At the outset, the arrest at issue in this litigation was Mr. Aubin's. Movants have not shown any relevance with regard to the arrest history for Mrs. Aubin. While Movants assert that evidence of arrests and convictions is "highly relevant to damages sought in the claims for false arrest," Movants do not cite to any authority for that proposition. According to the Supplemental Rule 37 Certificate, Plaintiffs have agreed to supplement their response to Interrogatory No. 5, which seeks information regarding any convictions for Plaintiffs within the last ten years.[27] That information appears more relevant to the claims and defenses at issue in this case and will likely yield at least

---

[26] R. Doc. 126-1, pp. 4-5.
[27] R. Doc. 128, p. 2.

some of the information Movants seek from Interrogatory No. 17.[28]  Accordingly, the Motion is

denied with regard to Interrogatory No. 17.

### E.  Movants Have Failed to Show the Relevancy of the Information Sought in Interrogatory No. 20

Movants also seek a more complete response with regard to Interrogatory No. 20, which

seeks information regarding reimbursement or payment for injuries or illnesses in the past.

Movants argue that "whether plaintiffs have received reimbursement for medical expenses sought

herein, or whether they have received reimbursement or settlements for any other injuries is

relevant information in this personal injury action."[29]  Plaintiffs respond that Movants have not

established the relevancy of such information because they are not entitled to a credit or set off for

collateral source payments, nor have Movants made a claim for such a set off.[30]

> **INTERROGATORY NO. 20:**
> Please state whether you have ever received reimbursement for
> medical expenses, disability, worker's compensation payments, or
> any other type of payment or settlement of any kind on account of
> illnesses or injuries, and if so, identify from when, where and for
> what illness or injury.
> **RESPONSE:**
> Objected to as overly broad, unduly burdensome, calling for
> irrelevant and privileged information, and beyond the scope of
> proper discovery.

Relevancy must be determined by looking at the claims and defenses asserted in the case.

Plaintiffs are correct that Movants have not sufficiently established the relevancy of any alleged

reimbursements, payments, or settlements related to any illnesses or injuries either with regard to

---

[28] Because Movants have failed to show the relevance of the information sought in Interrogatory No. 17, it is not necessary to reach the issue of whether Plaintiffs' objection was a boilerplate objection which results in a waiver.
[29] R. Doc. 126-1, p. 9.
[30] R. Doc. 129, p. 5.

any prior injuries or illnesses or with regard to the injuries claimed in this litigation.[31]  Accordingly,

the Motion is denied with respect to Interrogatory No. 20.[32]

### F.  Movants Have Failed to Show the Relevancy of the Information Sought By Request for Production No. 8

Movants also seek production of employment records or, alternatively, authorizations for

the release of employment information for the Plaintiffs in Request for Production No. 8.  In

opposition, Plaintiffs correctly note that the Aubins have not alleged that their employment has

been affected by any defendant, nor have they made any claim for lost wages or lost earning

capacity.[33]

> **REQUEST FOR PRODUCTION NO. 8:**
> Please produce any and all of your employment records for
> the past ten (10) years.  In the alternative, please execute the
> attached employment records authorization.
> **RESPONSE:**
> Objected to as calling for records irrelevant to this suit and
> beyond the scope of permissible discovery.

While Movants attempt to argue that employment information may reveal evidence of

work-related injuries, worker's compensation claims, and "scores of other information relevant to

the personal injury claims they [Plaintiffs] now assert against defendants,"[34] the undersigned

disagrees that this conclusory allegation is sufficient to show that these records are relevant or that

the request for ten years of employment records is proportional to the needs of this case given the

---

[31] With regard to this litigation, Plaintiffs are correct that, even to the extent Movants could claim a set-off such that the information sought in Interrogatory No. 20 was relevant, such a claim would have to be asserted. *See, Miller v. Pride Int'l, Inc.*. Civil Action No. 05-214, 2006 WL 1235959, *1 (E.D. La. May 3, 2006) citing *Davis v. Odeco*, 18 F.3d 1237, 1246 (5th Cir. 1994)("Set-off is an affirmative defense.").  Movants have not asserted set-off as an affirmative defense in this case.  R. Doc. 120.

[32] Because Movants have failed to show the relevance of the information sought in Interrogatory No. 20, it is not necessary to reach the issue of whether Plaintiffs' objection was a boilerplate objection which results in a waiver.

[33] R. Doc. 129, p. 6.

[34] R. Doc. 126-1, p. 11.

claims and defenses at issue.[35] Accordingly, the Motion is denied with regard to Request for Production No. 8.[36]

### G. Movants Are Not Entitled To An Award of Fees and Costs for this Motion

Movants seek an order pursuant to Fed.R.Civ.P. 37(a)(5)(A) requiring Plaintiffs to pay reasonable expenses, including attorney's fees, associated with bringing this Motion. In light of the fact that the motion is only granted in part, an award of fees and expenses to Movants is not appropriate in this case and each party shall bear its own fees and expenses.

**IT IS HEREBY ORDERED** for the reasons set forth herein, that the Motion to Compel filed by defendants Sheriff Jason Ard and Deputy William Durkin is **GRANTED IN PART AND DENIED IN PART** as follows:

The Motion to Compel is **GRANTED IN PART** with regard to Interrogatory Nos. 6, 8 and 9. Plaintiffs' shall supplement their answers to Interrogatory Nos. 6, 8 and 9 with Interrogatory No. 6 limited to information within the last ten years.

The Motion to Compel is **GRANTED IN PART** with regard to Request for Production No. 4. Plaintiffs shall provide executed medical release authorizations for all providers identified in their supplemental answers to Interrogatory Nos. 6, 8, and 9.

The Motion to Compel is **DENIED** with regard to Interrogatory Nos. 17 and 20, and Request for Production No. 8.

The Motion to Compel is **DENIED** to the extent it seeks an award of fees and expenses under Fed. R. Civ. P. 37(a)(5).

---

[35] To the extent this request is intended to elicit information about possible work-related injuries, the undersigned notes that Movants have already requested information regarding injuries and medical treatment in Interrogatory Nos. 6, 8 and 9 and Plaintiffs have been compelled to provide that information.

[36] Because Movants have failed to show the relevance of the information sought in Request for Production No. 8, it is not necessary to reach the issue of whether Plaintiffs' objection was a boilerplate objection which results in a waiver.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit their supplemental answers and/or responses as required by this Ruling and Order within fourteen (14) days.

Signed in Baton Rouge, Louisiana, on November 16, 2017.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**