UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM AUBIN ET AL.                          CIVIL ACTION

VERSUS

COLUMBIA CASUALTY COMPANY,                    NO.: 16-00290-BAJ-EWD
ET AL.

## RULING AND ORDER

Before the Court are Plaintiffs William Aubin and April Aubin's **Motion in Limine to Exclude Testimony of George Armbruster (Doc. 142)** and **Motion for Partial Summary Judgment (Doc. 146)**, Defendant Deputy William Durkin's **Motion for Partial Summary Judgment (Doc. 143)**, and Defendant Sheriff Jason Ard's **Motion for Partial Summary Judgment (Doc. 144)**. For the following reasons, Plaintiffs' **Motion in Limine (Doc. 142)** and Defendants' **Motions for Partial Summary Judgment (Docs. 143 and 144)** are **GRANTED**. Plaintiffs' **Motion for Partial Summary Judgment (Doc. 146)** is **DENIED**.

I.   BACKGROUND

Plaintiffs William Aubin and his wife April Aubin allege that on April 30, 2015, Deputy William Durkin arrived in their neighborhood near Denham Springs, Louisiana in response to a complaint about their neighbor. (Doc. 117 at ¶ 6–7). Plaintiffs claim that when they approached Deputy Durkin, the Deputy told Mr. Aubin to "stand back and shut his mouth." *Id.* at ¶ 8–9. Plaintiffs allege that Deputy Durkin then called Mr. Aubin a "pussy" and when he asked Deputy Durkin not to

1

curse in front of his wife, Deputy Durkin said "one more time and your pussy ass is going to jail." *Id.* at ¶ 10–11. Plaintiffs assert that Mr. Aubin then told Deputy Durkin that he was going to call the Deputy's supervisor to complain about him and that he said "I'm gonna get you fired" and "I'm gonna have your job." *Id.* at ¶¶ 14–15, 58.

Plaintiffs claim that Deputy Durkin then hit Mr. Aubin in the head with his handcuffs, twisted his arm behind his back, kicked him in the legs and buttocks, and threw him on his patrol car. *Id.* at ¶ 15–18. Plaintiffs allege that when Ms. Aubin asked what was happening, Deputy Durkin said "Shut up bitch before I take you with the dumb ass." *Id.* at ¶ 24. Plaintiffs allege that Mr. Aubin was charged with resisting an officer, interfering with a law enforcement investigation, and public intimidation. *Id.* at ¶ 27. Plaintiffs claim that the charges were later dismissed. *Id.* at ¶ 28.

Plaintiffs sued Deputy Durkin, in his individual capacity, Livingston Parish Sheriff Jason Ard, individually and in his official capacity, and Columbia Casualty Company. (Doc. 117 at p. 1). Plaintiffs claim that Deputy Durkin is liable for battery, assault, false arrest, false imprisonment, unlawful seizure, cruel treatment, excessive and unreasonable use of force, and malicious prosecution. *Id.* at ¶ 29. Plaintiffs also claim that Deputy Durkin is liable for assault and for loss of consortium, and that that Sheriff Ard is also vicariously liable for Deputy Durkin's actions and for his failure to adequately train and supervise Deputy Durkin. *Id.* at ¶ 30–34. Plaintiffs

2

further allege that Louisiana's public intimidation statute is unconstitutional. *Id.* at ¶ 41–45.

On March 24, 2017, the Court denied Sheriff Ard's Motion to Dismiss, in which he sought to dismiss all federal and certain state law claims against him. (Doc. 88). On June 12, 2017, the Magistrate Judge granted Plaintiffs' Motion for Leave to File a Second Amended Complaint. (Doc. 116). The Court then granted Plaintiffs' Motion for Partial Summary Judgment in part, and ruled that Plaintiffs are entitled to summary judgment on their state law false arrest claim. *Aubin v. Columbia Cas. Co.*, 272 F. Supp. 3d 828, 832 (M.D. La. 2017). The Court also granted Defendants Motion to Dismiss in part and dismissed Plaintiffs' state law failure to train claim. *Id.*

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). When determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997) (citing *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir. 1994)).

## II. DISCUSSION

### A. Deputy Durkin's Motion for Partial Summary Judgment (Doc. 143)

Deputy Durkin and Plaintiffs cross-move for summary judgment on Plaintiffs' false arrest claim under § 1983. (Docs. 143 and 146).[1] Plaintiffs' argue that Mr. Aubin is entitled to summary judgment because the Court has already held that it was unreasonable for Deputy Durkin to rely on the public intimidation statute to arrest him. (Doc. 146-1 at p. 3). Deputy Durkin argues that Plaintiffs' false arrest claim is barred by the independent intermediary doctrine because a state court judge found that there was probable cause to detain Mr. Aubin. (Doc. 143 at p. 12).

In the context of Plaintiffs' Louisiana state law false arrest claim, the Court has held that it was unreasonable for Deputy Durkin to rely on the public intimidation statute. *Aubin*, 272 F. Supp. 3d at 838. The Court explained that "[a] statute that criminalizes entirely non-violent threats to an officer's employment is so patently and obviously unconstitutional, that no reasonable officer could believe it to have been valid." *Id.* While the independent intermediary doctrine does not apply to Louisiana state law false arrest claims, *id.* at 836, it does apply to a § 1983 action grounded in the Fourth Amendment. In a § 1983 action, the Fifth Circuit has held that "if facts supporting an arrest are placed before an independent intermediary

---

[1] Although Plaintiffs filed a motion for summary judgment on Mr. Aubin's false arrest claim, he did not file an opposition to Deputy Durkin's motion for summary judgment on his false arrest claim. When a party does not oppose a motion for summary judgment, a court may accept as undisputed the facts that the movant submits in support of its motion. *See Euersley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988). However, the Court will nonetheless construe Plaintiffs' motion for summary judgment as an opposition to Deputy Durkin's motion.

4

such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) (quoting *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994).

Here, the undisputed facts reflect that after arresting Mr. Aubin on April 30, 2015, Deputy Durkin completed an affidavit of probable cause, detailing the facts that gave rise to Mr. Aubin's arrest for resisting an officer and public intimidation. (Doc. 143-4). The next day, a judge on the 21st Judicial District Court, Parish of Livingston, Louisiana signed the affidavit of probable cause, concluding that there was probable cause to continue to hold Plaintiff. *Id.* Because a state court judge found probable cause, the independent intermediary doctrine precludes Plaintiffs from establishing a false arrest claim under § 1983. Plaintiffs' § 1983 false arrest claim is dismissed.

**B. Motion for Partial Summary Judgment filed by Sheriff Ard (Doc. 144)**

Sheriff Ard moves for summary judgment on Plaintiffs' § 1983 claims against him. (Doc. 144). Plaintiffs did not file an opposition. Sheriff Ard argues that if the Court dismisses the § 1983 claim for false arrest against Deputy Durkin, the Court should dismiss all of the § 1983 claims against Sheriff Ard. (Doc. 144-1 at p. 8-10). The Court agrees.

Plaintiffs brought two claims against Sheriff Ard. First, they claim that he is liable in his official capacity because he has an official policy or custom that his deputies may arrest anyone who makes threats against their jobs, (Doc. 117 at ¶ 61). To succeed on an official capacity claim, a plaintiff must establish: "(1) an official

policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). And the Supreme Court has held that "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796 (1986). Here, the Court already dismissed Plaintiffs' § 1983 false arrest claim because it is barred by the independent intermediary doctrine. Therefore, no constitutional injury occurred for which Sheriff Ard can be liable. Plaintiffs' official capacity claim against Sheriff Ard is dismissed.

Second, Plaintiffs claim that Sheriff Ard is liable in his individual capacity under a theory of supervisory liability because he improperly trained his deputies about the First Amendment's protections. (Doc. 117 at ¶ 60). To establish supervisory liability under § 1983, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Brauner v. Coody*, 793 F.3d 493, 501 (5th Cir. 2015). Like an official capacity claim, a supervisory liability claim requires "the violation of the plaintiff's rights." *Id.* For the reasons previously discussed, Deputy Durkin did not violate Mr. Aubin's Fourth Amendment

right to be free from a false arrest under the independent intermediary doctrine. Accordingly, Plaintiffs' supervisory liability claim against Sheriff Ard is dismissed.

C. Motion for Partial Summary Judgment filed by Plaintiff. (Doc. 146).

Plaintiffs move for summary judgment on Mr. Aubin's excessive force claim under § 1983. (Doc. 146).[2] Plaintiffs argue that Deputy Durkin was not justified in using any force against Mr. Aubin, but that he nonetheless seized him by handcuffing him, and putting him in a police car. (Doc. 146-1 at p. 4). To establish an excessive force claim under the Fourth Amendment, plaintiffs must demonstrate: "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). Excessive force claims are necessarily fact-intensive; whether the force used is "excessive" or "unreasonable" depends on "the facts and circumstances of each particular case." *Graham v. Connor*, 490 U.S. 386, 396, (1989). Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Here, the facts taken in the light most favorable to Defendants reflect that after Deputy Durkin informed Mr. Aubin that he was under arrest, and he stated "you cannot arrest me" and attempted to push away from Deputy Durkin. (Doc. 77-

---

[2] Deputy Durkin did not file a cross-motion for summary judgment on Plaintiffs' excessive force claim.

7

2 at ¶ 13). Deputy Durkin then grabbed Mr. Aubin and put him against a police car to handcuff him, but Mr. Aubin attempted to push away from Deputy Durkin. *Id* at ¶ 14. When Deputy Durkin finally handcuffed Plaintiff, he handcuffed Mr. Aubin's right arm to his belt buckle because he does not have a left arm. *Id* at ¶ 16. Deputy Durkin then attempted to put Mr. Aubin in his police car but he refused and tried to step away from the police car. As a result, Deputy Durkin pushed Mr. Aubin's head down and forced him into the car. *Id* at ¶ 17-18.

Plaintiffs, on the other hand, argue that Deputy Durkin threw Aubin on the front of his police car and hit him with in the head with handcuffs after Aubin said he was calling Deputy Durkin's supervisor to complain about him. (Doc. 146-3 at ¶ 8). Then, Plaintiffs allege that while Mr. Aubin attempted to give his cell phone to his wife, Deputy Durkin grabbed him by the right arm, twisted it behind his back, and then twisted his shoulder, causing significant pain and injuring William's right rotator cuff. *Id.* at ¶ 11. Plaintiffs further claim that Deputy Durkin continued to kick and hit Mr. Aubin, and that Mr. Aubin did not resist Deputy Durkin. *Id.* at ¶ 11-20.

At this stage, the Court must accept Defendants version of events. The evidence produced by Defendants reflects that Aubin repeatedly pushed away from Deputy Durkin while he tried to arrest Mr. Aubin, and Durkin may have used a reasonable amount of force under the circumstances. Because Mr. Aubin allegedly actively resisted Deputy Durkin, the Court concludes that there is a material dispute of fact about whether Deputy Durkin used excessive force under the Fourth

8

Amendment. Therefore Plaintiffs' motion for summary judgment on his § 1983 excessive force claim is denied.

D.   **Plaintiffs' Motion in Limine to Exclude George Armbruster**

Finally, Plaintiffs seek to exclude the testimony of Defendants' police procedures expert, George Armbruster under Federal Rule of Evidence 702 because Armbruster does not specify the facts he relied on in his report, his conclusions are not the result of any methodology, and his conclusions will not assist the jury. (Doc. 142-1). The crux of Armbruster's report is that "the actions of Deputy Durkin in the handling of this situation fall well within the generally accepted guidelines of the law enforcement profession. Based on the information obtained at the time of this incident Deputy Durkin responded in a manner which is consistent with proper policy and training." (Doc. 142-2 at p. 2). Armbruster also states that "[t]he use of force employed in this situation followed the Use of Force Continuum as taught within the State of Louisiana's . . . guidelines." *Id.*

Under Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" The Court need not address Plaintiffs' contention that Armbruster does not specify the facts he relied on or that his conclusions are not the result of any methodology because the Court concludes that Armbruster's testimony will not assist the jury.

9

The United States Court of Appeals for the Fifth Circuit has held that expert testimony is unnecessary when the evidence presented by the expert is merely common knowledge, which the Fifth Circuit has likened to "the experiences of a layman." *Woods v. U.S. Gov't*, 2011 WL 857007, at *2 (5th Cir. 2011) (citing *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008)). As the advisory committee notes for Federal Rules of Evidence 702 state, courts should consider "the common sense inquiry [of] whether the untrained layman would be qualified to determine intelligently" the issues before the factfinder "without enlightenment from those having a specialized understanding of the subject." Therefore, whether expert testimony will be helpful to the fact finder is to be determined based on the specific factual circumstances of each case.

The central issue at trial will be whether Deputy Durkin used excessive force.[3] Armbruster's proposed testimony about whether Deputy Durkin operated within police procedures will not help the jury because it requires no specialized knowledge for the jury to determine whether Deputy Durkin used excessive force under these circumstances. This is not a case where Deputy Durkin deployed specialized police tools or procedures. According to Mr. Aubin, Deputy Durkin used excessive force by hitting him in the head with handcuffs, twisting his arm and kicking and hitting him even though he did not resist arrest. (Doc. 146-3 at ¶ 8-20). Defendants on the other

---

[3] The jury will not determine whether Deputy Durkin falsely arrested Mr. Aubin because the Court granted Plaintiffs' motion for summary judgment on his state law false arrest claim. *Aubin v. Columbia Cas. Co.*, 272 F. Supp. 3d 828, 836-39 (M.D. La. 2017). Therefore, the jury will only determine damages for Plaintiffs' state law false arrest claim.

hand claim that Mr. Aubin resisted arrest and that Deputy Durkin grabbed and handcuffed him when Mr. Aubinm pushed away from Deputy Durkin.

Of course, the Court can imagine a situation when a police procedures expert would be helpful if the facts at issue involved highly specialized procedures like the use of police dogs or other special police tools. *See Kopf v. Skyrm*, 993 F.2d 374, 379 (4th Cir. 1993) (finding police expert on the use of dogs admissible because how to train police dogs is "not everyday knowledge and could be explained by an expert[.]"); *see also Cefalu v. Edwards*, 12-CV-1377, 2013 WL 5592947, at *2 (E.D. La. Oct. 10, 2013) (finding that Armbruster's testimony on whether officer had probable cause for an arrest inadmissible because his testimony would be "unhelpful, potentially confusing, and susceptible to supplanting the role of the factfinder[.]") But here, the jurors will be fully capable of determining whether Deputy Durkin used excessive force, and therefore Armbruster's testimony will not assist the jury.

Further still, Armbruster's testimony would supplant the role of the jury. Armbruster's proposed testimony would bolster the credibility of Defendants fact witnesses because he relies solely on Defendants version of events to conclude that Deputy Durkin acted within police guidelines. *See Westcott v. Crinklaw*, 68 F.3d 1073, 1076 (8th Cir. 1995) ("[A]n expert may not go so far as to usurp the exclusive function of the jury to weigh the evidence and determine credibility.") (internal quotation marks and citations omitted). The Court therefore excludes Armbruster as an expert witness.

III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion in Limine to Exclude Testimony of George Armbruster (Doc. 142)** filed by Plaintiffs is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment (Doc. 143)** filed by Defendant William Durkin is **GRANTED**. Plaintiffs' false arrest claim under § 1983 is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that **the Motion for Partial Summary Judgment filed by Defendant Sheriff Jason Ard (Doc. 144) is GRANTED**. Plaintiffs' § 1983 official capacity and supervisory liability claims against Sheriff Ard are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment (Doc. 146)** filed by Plaintiffs is **DENIED**.

Baton Rouge, Louisiana, this 23rd day of April, 2018.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA